William H. and Norma BECK, Individually and on behalf of all members of a class of borrowers similarly situated, et al.

v.

The ATHENS BUILDING LOAN & SAVINGS ASSN. et al.

Civ. No. 73–605.

United States District Court, M. D. Pennsylvania.

Dec. 10, 1974.

**692**

Hepford, Zimmerman & Swartz, Harrisburg, Pa., Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiffs.

Drinker Biddle & Reath by Patrick T. Ryan (appointed liaison counsel), Philadelphia, Pa., for all defendants except Anthracite Bldg. & Loan Assn. and First Fed. Sav. and Loan Assn. of Hazleton.

Robert J. Beirne, Athens, Pa., for Athens Bldg. Loan & Savings Assn.

Roger N. Nanovic, Jim Thorpe, Pa., for Anthracite Bldg. & Loan Assn.

Joseph Greco, Nesquehoning, Pa., for Nesquehoning Savings & Loan Assn.

Robert Lazorchick, Lansford, Pa., for Panther Valley Homestead Sav. and Loan Assn.

Miller, Kistler, Campbell & Mitinger by Robert B. Mitinger, State College, Pa., for Mt. Nittany Sav. & Loan Assn.

Dunaway, Weyandt & McCormick by Wayland F. Dunaway, State College, Pa., for State College Fed. Sav. and Loan Assn.

Lugg & Snowiss by Allan W. Lugg, Lock Haven, Pa., for Lock Haven Savings & Loan Assn.

Irwin, Irwin & Irwin by Harold S. Irwin, Jr., Carlisle, Pa., for Cumberland Valley Sav. & Loan Assn.

Louis J. Adler, Harrisburg, Pa., for First Fed. Sav. & Loan Assn. of Harrisburg.

Robert D. Hanson, Harrisburg, Pa., for The Harris Sav. Assn.

Albert D. Stuart, Middletown, Pa., for Homestead Sav. Assn.

Thomas H. Humelsine, Chambersburg, Pa., for Mechanics' Bldg. & Loan Assn.

Maxwell & Bridgers by J. L. Doyle, Waynesboro, Pa., for Waynesboro Sav. Assn.

Lewis, Brubaker, Whitman & Christianson by George E. Christianson, Lebanon, Pa., for Steitz Sav. & Loan Assn.

Maurice S. Cantor, Wilkes-Barre, Pa., for First Fed. Sav. & Loan Assn. of Wilkes-Barre.

Harold Rosenn, Wilkes-Barre, Pa., for Franklin Fed. Sav. & Loan Assn. of Wilkes-Barre.

Joseph Serling, Wilkes-Barre, Pa., for Susquehanna Savings & Loan Assn.

Joseph F. Flanagan, Wilkes-Barre, Pa., for First Fed. Sav. & Loan Assn. of Pittston.

Albert Houck, Lewistown, Pa., for Lewistown Standard Sav. and Loan Assn.

Siegel & Siegel by Harry L. Siegel, Robert Siegel, Lewistown, Pa., for Mifflin County Sav. & Loan Assn.

Edward L. Williams, Todd R. Williams, Stroudsburg, Pa., for East Stroudsburg Sav. Assn.

Andrew M. Pipa, Jr., Shamokin, Pa., for Cent. Pa. Sav. Assn.

Stanley J. Zlocki, Mt. Carmel, Pa., for Sobieski Bldg. & Loan Assn.

A. Emerson Howell, Honesdale, Pa., Patrick T. Ryan, Drinker Biddle & Reath, Philadelphia, Pa., for Honesdale Sav. & Loan Assn.

## MEMORANDUM AND ORDER

NEALON, District Judge.

This case is one of several recent suits [1] by homeowners/mortgagors against their mortgage lenders (federal and state savings or building and loan associations) which complain of the lenders' practice of requiring the mortgagor to deposit with the lender each month a sum equivalent to a one-twelfth portion of the estimated annual local property tax levy plus an amount equivalent to a one-twelfth portion of the annual fire insurance premium on the property. Presently before the court is plaintiffs' motion for leave to amend their complaint by adding a new cause of action, and defendants' motion to dismiss the original complaint.

The gravamen of plaintiffs' original complaint is twofold: (1) the defendants pay plaintiffs no interest on the deposits for taxes and insurance premiums, which are held by the defendants until the taxes or insurance premiums are paid, even though the defendants make use of the money during the time that they so hold it by commingling it with other funds and investing it; and (2) the defendants, when calculating the interest due on the unpaid principal of the basic mortgage loan, do not take the deposited tax and insurance funds into account by deducting the total of those funds from the unpaid principal before calculating the interest (such a system is called "capitalizing" the deposits for taxes and insurance), but instead simply hold those funds without making any allowance for them when calculating the interest due (the latter system is called "escrowing" to distinguish it from "capitalizing.") [2] Plaintiffs' motion for leave to amend their complaint seeks to add yet a third cause of action against the defendants' practice, viz., the amounts collected each month exceed the amounts authorized by federal law to be so collected by mortgage lenders. Home Owners' Loan Act, 12 U.S.C. Sec. 1461 et seq.

The original complaint alleges three sources of defendants' legal liability: (1) the Sherman Antitrust Act, 15 U.S. C. Sec. 1; (2) the Truth-in-Lending Act, 15 U.S.C. Sec. 1601 et seq. (as plaintiffs have withdrawn this portion of their complaint, defendants' motion to

1. See, e. g., Stavrides v. Mellon National Bank & Trust Co., 353 F.Supp. 1072 (W.D. Pa.1973) ; Spens v. Citizens Federal Savings & Loan Association of Chicago Heights, 364 F.Supp. 1161 (N.D.Ill.1973) ; Kinee v. Abraham Lincoln Federal Savings & Loan Association, 365 F.Supp. 975 (E.D.Pa.1973) ; Carpenter v. Suffolk Franklin Savings Bank, Mass., 291 N.E.2d 609 (1973) ; and Buchanan v. Brentwood Federal Savings & Loan Association, 457 Pa. 135, 320 A.2d 117 (opinion filed April 23, 1974).

2. See Buchanan v. Brentwood Federal Savings & Loan Association, 457 Pa. 135, 320 A.2d 117 (opinion filed April 23, 1974) for a more complete discussion of the industry practice.

dismiss will be granted insofar as it pertains to the Truth-in-Lending Act claims); (3) various state and common laws. As hereinbefore noted, the cause of action sought to be added by amendment alleges a violation of the Home Owners' Loan Act, 12 U.S.C. Sec. 1461 et seq. As to the alleged violations of the Sherman Act, plaintiffs contend (a) that the defendants engaged in an unlawful conspiracy in restraint of trade by conspiring to shift from the "capitalizing" to the "escrowing" method of holding the funds collected for taxes and insurance premiums; and (b) that the defendants are engaged in unlawful tying-in activity by requiring borrowers, as a condition of obtaining a mortgage, to deposit tax and insurance premium funds with the defendants in escrow accounts. The alleged violation of the Home Owners' Loan Act is that the amounts collected exceed the actual disbursements for taxes and insurance premiums. The state and common law claims charge (a) an unlawful restraint of trade and (b) the creation of either express or constructive trusts. Jurisdiction over the state and common law claims is sought on the basis of the doctrine of pendent jurisdiction.

I will first consider plaintiffs' motion for leave to amend, and will then address myself *seriatim* to defendants' multiple grounds for their motion to dismiss.

■ As defendants have not filed an answer to plaintiffs' complaint, but only the motion to dismiss, the motion for leave to amend the complaint by adding a new cause of action must be granted, in view of Rule 15(a), Fed.R.Civ.P., which provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ." A motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a). Kelly v. Delaware River Land Commission, 187 F.2d 93 (3d Cir. 1951).

With respect to the motion to dismiss, I will first address the grounds for dismissal of the Sherman Act claims, and then turn to the arguments offered in favor of dismissing the state and common law claims.[3]

■ The first argument advanced for dismissing the Sherman Act claims is that this court lacks subject-matter jurisdiction over those claims because of the local nature of the activities involved. In view of the activities involved, as well as the liberality with which the essential nexus with interstate commerce is found in Sherman Act suits, see United States v. Employing Plasterers Association, 347 U.S. 186, 74 S.Ct. 452, 98 L.Ed. 618 (1953), and Doctors, Inc. v. Blue Cross of Greater Philadelphia, 490 F.2d 48 (3d Cir. 1973), this argument is rejected. See also Stavrides v. Mellon National Bank and Trust Company, 353 F.Supp. 1072 (W. D.Pa.1973); and Kinee v. Abraham Lincoln Savings & Loan Association, 365 F.Supp. 975 (E.D.Pa.1973).

■ The next contention offered is that the Sherman Act claims fail to state a claim upon which relief can be granted, inasmuch as the complaint merely alleges consciously parallel activity, which, standing alone, is insufficient to constitute a violation of the Sherman Act, and inasmuch as the practices complained of could not possibly amount to tying-in arrangements. For the reasons stated in Kinee v. Abraham Lincoln Savings & Loan Association, 365 F. Supp. 975, 980–981 (E.D.Pa.1973) and Stavrides v. Mellon National Bank and

---

3. Defendants have not moved to dismiss the Home Owners Loan Act count. Even if they had, however, in light of Milberg v. Lawrence Cederhurst Federal Savings and Loan Association, 496 F.2d 523 (2d Cir.

1974), I would conclude that, at least as it pertains to the federal defendants in this case, that count would withstand a motion to dismiss.

Trust Company, 353 F.Supp. 1072, 1077 (W.D.Pa.1973), this contention is similarly rejected.

Defendants also advance two arguments in favor of dismissing the state and common law claims. The first is that they fail to state a claim upon which relief can be granted, inasmuch as they do not allege causes of action under Pennsylvania law. In light of Collins v. Main Line Board of Realtors, 452 Pa. 342, 304 A.2d 493 (1973), and Buchanan v. Brentwood Federal Savings & Loan Association, 457 Pa. 135, 320 A.2d 117 (1974) (opinion filed April 23, 1974), this argument is without merit.

The second reason advanced for dismissing the state and common law claims is two-pronged: (1) this court lacks the *power*, under the doctrine of pendent jurisdiction, to take jurisdiction of those claims; and (2) even if this court has that power, it should exercise its discretion, under the same doctrine, not to take jurisdiction of the state and common law claims.

With respect to a federal court's power to assert pendent jurisdiction over a state claim, the Supreme Court, in United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), has stated the governing rule:

"Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made or which shall be made, under their Authority . . .,' U.S.Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole."

Id., at 725, 86 S.Ct. at 1138.

Applying that rule, I find that the state and federal claims at issue in the instant case derive from "a common nucleus of operative fact," and accordingly, this court has the power to take jurisdiction over the state claims. The allegation of a common law restraint of trade can properly be appended to the Sherman Act claims. Inasmuch as the Pennsylvania Supreme Court has stated that the Sherman Act is "merely the application of the common-law doctrine concerning the restraint of trade to the field of interstate commerce[,]" Schwartz v. Laundry & Linen Supply Drivers' Union, 339 Pa. 353, 359, 14 A.2d 438, 441 (1940), the operative facts, the rights claimed to have been violated, and the theories of relief presented will be practically identical for the Sherman Act and the common law restraint of trade counts. In addition, I conclude that the trust count can also be properly joined with the federal claims. While the similarity between the trust count and the federal claims is not as great as that between the restraint of trade and the Sherman Act claims, the operative facts of the trust and federal claims are sufficiently common to permit joinder under the *Gibbs* rule. All the counts in this case concern the same basic activity— defendants' practice of requiring plaintiffs to deposit tax and insurance premium payments with defendants. Moreover, although the precise focus of the Sherman Act claim will be different from that of the trust claim in that the former will be concerned with the existence of a conspiracy or a tie-in, while the latter will look to the terms of the

mortgage loan agreements in an effort to determine whether those terms disclose that a trust has been created or reveal facts from which equity will determine that a trust should be created, see Buchanan v. Brentwood Federal Savings & Loan Association, supra, the Home Owners Loan Act claim *will* focus on the terms of the mortgage loan agreements. Thus, at least with respect to the federally-chartered defendants, the trust claims can properly be joined with the federal claims. Cf. Stavrides v. Mellon National Bank & Trust Company, 353 F.Supp. 1072, 1080 (W.D.Pa.1973). Finally, even with respect to the state-chartered defendants, the operative facts of the Sherman Act claims are sufficiently similar to those of the trust claims to permit the assertion of pendent jurisdiction over the trust claims. Although the pinpoint of the focus in the Sherman Act claims will be the existence of a conspiracy or a tie-in, the adjudication of those claims will not completely ignore the terms of the mortgage loan agreements. At the very least, in order for the Sherman Act claims to be adjudicated, those terms will have to be analyzed in order to determine exactly what kind of arrangement is employed to account for the tax and insurance premium deposits. Particularly in light of the fact that the state-chartered associations must otherwise remain parties to this suit (to defend against the Sherman Act and restraint of trade claims), as well as in view of the authority that "only a loose factual connection between the state and federal claims [is required] to satisfy the 'common nucleus of operative fact' test [,] Wright & Miller, Federal Practice and Procedure: Civil Sec. 1588, and that the foundation of the doctrine of pendent jurisdiction is judicial economy, convenience and fairness to litigants, 3A Moore's Federal Practice, Para. 18.07(1.–4), I conclude that the operative facts of the Sherman Act and the trust claims with respect to the state-chartered associations are sufficiently similar to allow this court to assert jurisdiction over the trust claims.

■ Regarding whether this court should exercise its discretion to take pendent jurisdiction of the state claims in this case, I conclude that, at least at this stage of the litigation, jurisdiction of these claims should be retained. The opinion in United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) outlined the factors to be considered in determining whether to exercise pendent jurisdiction. Upon analysis of those factors, I find that they are presently in favor of exercising pendent jurisdiction over the state claims. It is certainly in the interest of judicial economy and convenience to adjudicate in one suit all claims between the parties that pertain to the requirement in the mortgage loan agreements that tax and insurance premium payments be deposited with defendants. Moreover, in light of Buchanan v. Brentwood Federal Savings & Loan Association, 457 Pa. 135, 320 A.2d 117, supra, retention of jurisdiction over the state-law claims in this case will not involve a needless decision of state law. In addition, it cannot be determined, at this stage of the proceedings at least, that the state law issues substantially predominate in the case. Finally, it does not at this point seem likely that the presence of the state and federal claims in the same suit will result in such jury confusion that would justify separating the state and federal claims for trial under Rule 42(b), Fed.Rule Civ.Proc. In sum, the relevant factors are in favor of assuming jurisdiction over the state law claims in this case.

In accordance with the above analysis, defendants' motion to dismiss will be granted insofar as it pertains to the count alleging a violation of the Truth-in-Lending Act, 15 U.S.C. Sec. 1601 et seq. In all other respects, the motion will be denied. Plaintiffs' motion for leave to file an amended complaint will be granted.