Jose R. RIVERA, Individually and on behalf of all others similarly situated, Plaintiff,

v.

DICK McFEELY PONTIAC, INC., and General Motors Acceptance Corporation, Defendants.

No. 76 C 2191.

United States District Court,
N. D. Illinois, E. D.

Jan. 20, 1977.

Robert E. Masur, Legal Assistance Foundation, Robert E. Lehrer and Dean T. Jost, Chicago, for plaintiff.

Joseph DuCoeur and James A. Cherney, Kirkland & Ellis, Edward V. Scoby, Charles M. Biggam, Jr., Franklin J. Lunding, Jr., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter is before the Court on defendants' Motions to Dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

The action is brought under the Truth-in-Lending Act (the "Act"), 15 U.S.C. §§ 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226, promulgated thereunder; the Consumer Fraud and Deceptive Business Practices Act (the "Illinois Consumer Fraud Act"), Illinois Revised Statutes ch. 121½, §§ 261 *et seq.*; the Illinois Motor Vehicle Retail Installment Sales Act, Illinois Revised Statutes ch. 121½, §§ 561 *et seq.*; and the common law of the State of Illinois. Jurisdiction is invoked pursuant to 15 U.S.C. § 1640(e) and pendent jurisdiction.

Plaintiff's Complaint alleges that in violation of federal and state law: (1) defendants failed to properly disclose the cost, type and term of credit life insurance; (2) defendant Dick McFeely Pontiac, Inc. ("Dick McFeely") charged plaintiff significantly more for credit life insurance than necessary because of a large commission which was, in effect, a "hidden finance charge"; and (3) defendants failed to properly disclose that the balance due might be accelerated upon default.

Defendants move for dismissal of all counts, arguing (1) that plaintiffs have failed to state a claim upon which relief can be granted under the Act, and (2) that because the remaining claims involve questions of state law which have no independent basis for federal jurisdiction, those claims must also be dismissed. Each of plaintiff's federal allegations will be considered first.

## I. DISCLOSURE OF TYPE AND TERMS OF INSURANCE

Plaintiff signed for optional credit life and disability insurance when he purchased an automobile on credit. Defendants argue that since the credit insurance was optional, such insurance is not included in the calculation of the "finance charges" under the Act and that the disclosure made on the face of the contract adequately discloses the "cost." This Court does not agree.

Plaintiff properly notes that unless the customer is adequately informed about the type and term of the credit insurance policy, he does not know the "cost" of that insurance. The customer must know not only what the monetary charge is, but what he is getting for that charge. It is for that reason that the Board of Governors of the Federal Reserve System issued a regulation which provides that although the cost of credit insurance need not be included in the finance charge, the creditor must provide a "statement of the type of insurance and the term thereof." 12 C.F.R. § 226.402. Plaintiff alleges that defendants provided no such statement.

This Court finds that those sections of Count I pertaining to defendants' failure to provide a statement of the type and term of the insurance state a claim upon which relief can be granted.

## II. LARGE COMMISSION AS "HIDDEN FINANCE CHARGE"

■ This Court finds that when credit insurance is optional and is clearly noted as such on the face of the contract, the cost of the insurance premium is excluded from the finance charge under Section 106(b) of the Act and Section 226.4(a)(5) of Regulation Z, regardless of the amount of commission the seller makes.

Therefore those sections of Count I which allege violation of the Act for failure to include as part of the finance charge on the contract all or part of the charges for credit life insurance are dismissed.

## III. THE ACCELERATION CLAUSE

■ Defendants' final argument is that an acceleration clause need not be placed on the front of the contract since it only creates a creditor option upon "the failure of the customer to perform his obligations." This Court does not agree, particularly in light of the specifics of this contract.

Upon acceleration of all unpaid amounts, a charge may result to the customer. Although defendants specify on the front of the contract that upon repayment the customer will receive a rebate of unearned finance charges based on the "Rule of 78," no similar provision is contained in the acceleration clause. Thus, plaintiff alleges that by exercising the right of acceleration, defendants reap unearned finance charges and are obligated to refund that money, i.e., plaintiff is faced with a charge. The Federal Reserve Board's Opinion Letter No. 851 specifically states:

> [I]f upon acceleration of the unpaid remainder of the total payments, the creditor does not rebate the unearned finance charges in accordance with the rebate provisions disclosed in § 226.8(b)(2), any amounts retained beyond those which would have been rebated under the disclosed rebate provisions represent a "charge which should be disclosed under § 226.8(b)(4)."

In the absence of any rebate provision, the contract must disclose the amounts retained upon acceleration.

Therefore those sections of Count I which allege violation of the Act for failure to adequately disclose defendants' right to accelerate the unpaid balance of the contract upon default do state a claim.

## IV. COUNTS II THROUGH V

■ Because Count I does state a claim upon which relief can be granted, this Court will exercise pendent jurisdiction over Counts II through V, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## CONCLUSION

Defendants' Motions to Dismiss are granted insofar as they relate to those portions of Count I which allege that defendants violated the Truth-in-Lending Act by failing to disclose all or part of the charges for credit life insurance sold to plaintiff.

Defendants' Motions to Dismiss are denied insofar as they relate to the remaining sections of Count I and Counts II through V.