Geneva **ECTOR**

v.

**SOUTHERN DISCOUNT COMPANY.**

No. C78–899A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Aug. 1, 1979.

Frank L. Derrickson, Dwight Bowen, Atlanta, Ga., for plaintiff.

John E. Tomlinson, J. Lamar Nix, Tomlinson & Nix, Atlanta, Ga., for defendant.

## ORDER OF COURT

MOYE, District Judge.

This truth-in-lending case is before the Court for review of the Magistrate's Report and Recommendation on plaintiff Geneva Ector's motion for summary judgment. The magistrate found that defendant Southern Discount Company ("Southern") violated 15 U.S.C. § 1639(a)(1) by failing to disclose to plaintiff a separate total amount of credit made available to plaintiff through cash and retirement of pre-existing indebtedness. The magistrate then granted summary judgment for plaintiff. For the reasons presented below, the Court does not approve the Magistrate's Report and Recommendation and remands the case to the magistrate for reconsideration of this matter.

Plaintiff's complaint enumerates five counts. The first two allege truth-in-lending violations in connection with alleged consumer loans extended on May 25, 1977, and December 6, 1977. Count Three alleges that the two loans are null and void because of violations of the Georgia Industrial Loan Act. This count seeks recovery of "the amount of payments [plaintiff] has made on the loans in excess of the amount of money she originally paid thereon." In Count Four, plaintiff seeks recovery of a $100 statutory penalty for defendant's alleged failure to release a security interest according to plaintiff's request made pursuant to Ga.Code Ann. § 109A–9–404. Finally, Count Five seeks recovery of $2,500, alleging that defendant Southern has been "stubborn and litigious, [and] has acted in bad faith."

In order for plaintiff Ector to prevail in this action, the Court need find only one truth-in-lending violation committed by defendant Southern. 15 U.S.C. § 1640. As previously indicated, the magistrate agreed with plaintiff that defendant violated the Act by failing to disclose the sum of the cash made available to plaintiff and the amount of previous debt retired. As defendant Southern points out, however, the Fifth Circuit has recently held in *Barbieri v. Commercial Credit Loans, Inc.*, 596 F.2d 660 (5th Cir. 1979), that a lender need not disclose the sum of the cash made available and the previous debt retired. Because this decision overrules the authority relied upon by the magistrate in his finding of defendant's truth-in-lending violation, this action must be remanded to the magistrate for a determination of whether defendant Southern has committed the other truth-in-lending violations alleged by plaintiff Ector. These are: (1) defendant's alleged failure to disclose its interest in plaintiff's homestead exemption; (2) defendant's alleged inconsistent state disclosures among the required truth-in-lending disclosures; (3) defendant's alleged failure to disclose its security interest in the proceeds of insurance written in conjunction with the loan; and (4) defendant's alleged incorrect calculation of the four percent loan fee.

The Court adopts the report and recommendation of the magistrate as to the third, fourth, and fifth counts and orders that they be dismissed for lack of subject matter jurisdiction. The record does not establish diversity of citizenship between plaintiff and defendant, and the state law claims in Counts 3, 4, and 5 do not fall within this Court's pendent jurisdiction.

The seminal case on pendent jurisdiction is *UMW v. Gibbs*, 383 U.S. 715, 86 S.Ct.

1130, 16 L.Ed.2d 218 (1966). In that case the Supreme Court established the threshold test for pendent jurisdiction. "The state and federal claims must derive from a common nucleus of operative fact." *Id.* at 725, 86 S.Ct. at 1138. The Court need not decide that threshold issue, for the *Gibbs* court went on to describe pendent jurisdiction as a discretionary doctrine:

> That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants  .   .   .. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.   .   .   . Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.   .   .   .

*Id.* at 726–27, 86 S.Ct. at 1139 (footnotes omitted).

In applying *Gibbs* to truth-in-lending cases, other district courts have frequently refused to entertain state law claims appended to a federal claim. An excellent analysis of the problem is provided by Judge Newman in *Solevo v. Aldens, Inc.*, 395 F.Supp. 861 (D.Conn.1975). He noted that 15 U.S.C. § 1640(e) allows for concurrent federal and state jurisdiction over truth-in-lending cases; thus the plaintiff could bring the state and federal claims in the mandatory jurisdiction of a state court. *Id.* at 863. Judge Newman then pointed to the serious danger of having the federal courts become forums for the litigation of multitudes of state law debtor-creditor cases all brought to federal court on the coattails of truth-in-lending cases. He was especially concerned with this problem due to the rising number of truth-in-lending filings in his district, specifically noting the large number of such cases pending in *this* district. *Id.* at 863–64; *accord Hughes v. Ford Motor Credit Co.*, 360 F.Supp. 15, 19 (E.D.Ark.1973). Judge Newman then concluded that "[U]nless special circumstances warrant otherwise, this Court will refuse to take jurisdiction of state claims appended to federal truth-in-lending actions." *Solevo*, supra at 864, cited with approval in *Meadows v. Charlie Wood, Inc.*, 448 F.Supp. 717, 720 (M.D.Ga.1978).

The Courts have sometimes held state law claims to be pendent to a truth-in-lending claim but usually only if the state claim is based on nondisclosure rather than on usury. *E. g., Sanchez v. Lowell Lebermann, Inc.*, 79 F.R.D. 21 (W.D.Tex.1978); *Rivera v. Dick McFeely, Inc.*, 431 F.Supp. 506 (N.D.Ill.1977); *Kaminski v. Shawmut Credit Union*, 416 F.Supp. 1119 (D.Mass. 1976); *Beck v. Athens Bldg. Loan & Savings Assn.*, 65 F.R.D. 691 (M.D.Pa.1974); *Kristiansen v. John Mullins & Sons, Inc.*, 59 F.R.D. 99 (E.D.N.Y.1973); *Garza v. Chicago Health Clubs, Inc.*, 347 F.Supp. 955 (N.D.Ill. 1972). *Contra, Campbell v. Liberty Financial Planning, Inc.*, 422 F.Supp. 1386 (D.Neb.1976). Where litigants have tried to append usury claims to truth-in-lending claims, the courts have rejected jurisdiction over the state claims. *E. g., Price v. Franklin Inv. Co.*, 187 U.S.App.D.C. 383, 574 F.2d 594 (D.C.Cir.1978); *Wesley v. John Mullins & Sons, Inc.*, 444 F.Supp. 117 (E.D.N.Y. 1978); *Copley v. Rona Enterprises, Inc.*, 423 F.Supp. 979 (S.D.Ohio 1976); *Solevo v. Aldens, Inc.*, 395 F.Supp. 861 (D.Conn.1975); *Buford v. American Finance Co.*, 333 F.Supp. 1243 (N.D.Ga.1971) (Edenfield, J.); *Jordan v. Montgomery Ward & Co.*, 317 F.Supp. 948 (D.Minn.1970). Two unpublished opinions from this district also support dismissal of a state claim based on some ground other than nondisclosure. *E. g., Head v. Lane*, C78–707A (N.D.Ga. April 9, 1979); *Fouch v. Wade Ford*, C78–836A (N.D.Ga. September 28, 1978).

These general policies disfavoring the exercise of pendent jurisdiction are particularly pertinent in this case where the

state issues are difficult and unsettled. Plaintiff Ector alleges that the loans involved in this litigation violated the Georgia Industrial Loan Act ("GILA"), 25 Ga.Code Ann. § 315. Plaintiff relies on *Consolidated Credit Corporation v. Peppers*, 144 Ga.App. 401, 240 S.E.2d 922 (1977), to support that contention. Under 25 Ga.Code Ann. § 315(b), a lender may charge a fee of eight percent on the first $600 of the "face amount of the contract" and four percent on any excess. In *Peppers*, the Georgia Court of Appeals defined "face amount of the contract" as "the amount necessary for a borrower to borrow in order to obtain the amount desired." *Id.* at 404, 240 S.E.2d at 924. In another case in this district, lenders argued that *Peppers* overruled earlier court of appeals cases defining "face amount of the contract." *See Harris v. Credithrift of America, Inc.*, No. C77–329A (N.D.Ga. June 25, 1979), at p. 3 and n.2, citing *Gentry v. Consolidated Credit Corp. of Floyd County*, 124 Ga.App. 597, 184 S.E.2d 692 (1971); *McDonald v. G.A.C. Finance Corp.*, 115 Ga. App. 361, 154 S.E.2d 825 (1967); *Robinson v. Colonial Discount Co., Inc.*, 106 Ga.App. 274, 126 S.E.2d 824 (1962); *Haire v. Allied Finance Co.*, 99 Ga.App. 649, 109 S.E.2d 291 (1959); *Robbins v. Welfare Finance Corp.*, 95 Ga.App. 90, 96 S.E.2d 892 (1957). This purported overruling of past precedent raises the questions of whether *Peppers* should be applied only prospectively. In *Harris* Judge Murphy ruled that the case should be applied retrospectively. Rather than face the issue again, the Court now deems it more expedient to dismiss the state claims so that the litigants might resolve this difficult issue in the state court system. The Court therefore approves of the magistrate's dismissal of the state law claims in Counts Three, Four and Five.